UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Gloria Johnson,                                     Civil No. 12-CV-1259 (SRN/LIB)

      Plaintiff,

v.                                                  **REPORT AND RECOMMENDATION**

Cory, Waston, Crowder, DeGaris et al,

      Defendants.

_____

    This matter came before the undersigned United States Magistrate Judge upon the routine supervision of cases and upon an assignment made in accordance with 28 U.S.C. 636(b)(1)(A).  Plaintiff commenced this action on May 25, 2012.  (Compl. [Docket No. 1]).  Plaintiff did not pay the $350 filing fee for this action, as required by 28 U.S.C. § 1914(a), but she instead filed an application for leave to proceed in forma pauperis, (IFP).  (Docket No. 2).

    In its May 31, 2012 Order, the Court denied Plaintiff's IFP application because her initial complaint was defective and because her IFP application did not adequately show that she is financially eligible for IFP status.  (Order [Docket No. 3] at 1).  The Court directed Plaintiff, if she believed she could cure the shortcomings of her complaint, to file an amended complaint by no later than July 1, 2012.  (Id. at 3).  The Court also directed Plaintiff to file a new IFP application that would provide a more comprehensive explanation of her current financial circumstances, or in the alternative, to pay the regular $350 filing fee by July 1, 2012.  (Id. at 4).  The Court advised Plaintiff that if she did not file an amended complaint and did not file an amended IFP application or pay the filing fee, she will be deemed to have abandoned the action and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).  (Id.)

1

The deadline imposed by the Court has now passed, and Plaintiff has not complied with the Court's order, nor has Plaintiff provided any good cause for a failure to comply. Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the Court's prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); <u>Henderson v. Renaissance Grand Hotel</u>, 267 Fed. Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

Based upon the above, and upon all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. That Plaintiff's Complaint [Docket No. 1] be DISMISSED WITHOUT PREJUDICE, for failure to comply with this Court's Order of May 31, 2012, and for lack of prosecution.


Dated: August 1, 2012                                              s/Leo I. Brisbois
                                                                   LEO I. BRISBOIS
                                                                   United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 15, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.